## Case No. 16,140.

### UNITED STATES v. REID.

[Hoff. Land Cas. 74.] [1]

District Court, N. D. California. Dec. Term, 1855.

#### MEXICAN LAND GRANTS.

The validity of this claim is beyond question.

[Claim by Juan Reid for the Rancho Corte de Madera del Presidio, embracing one league of land in Marin county. Confirmed by the board of land commissioners, and appeal taken by the United States.]

S. W. Inge, U. S. Dist. Atty.

McDougal & Sharp, for appellees.

## Case No. 16,141.

### UNITED STATES v. REID et al.

[Hoff. Land Cas. 129.] [1]

District Court, N. D. California. Dec. Term, 1855.

#### MEXICAN LAND GRANTS.

The validity of this claim not controverted.

[Claim by Samuel G. Reid and others for the Rancho del Puerto, embracing three leagues of land in San Joaquin county. Confirmed by the board of land commissioners, and appeal taken by the United States.]

S. W. Inge, U. S. Dist. Atty.

A. C. Whitcomb, for appellees.

HOFFMAN, District Judge. The claim in this case was affirmed by the late board of commissioners. No additional testimony has

[1] [Reported by Numa Hubert, Esq., and here reprinted by permission.]

been taken in this court, and the case has been submitted without argument or objection on the part of the United States.

The grant under which the claim is made was issued by Governor Micheltorena on the 20th of January, 1844. The signatures to the original document, produced by the interested parties, are fully proved, and the expediente is found in the archives and duly certified by the surveyor general. That the grant was made does not seem to admit of any question, and though from an error in drawing the diseño the positions of the San Joaquin river on one side and the serranias on the other are incorrectly delineated, and should be reversed, yet the calls in the grant, the natural objects mentioned in the diseño, the specification of the lindero or boundary of Higuera's rancho as one of the boundaries of the tract now claimed, together with the deposition of Hernandez contained in the transcript, are abundantly sufficient to explain and correct the error.

With regard to the occupation and settlement of the land, it is shown that the conditions were in that respect complied with within the time limited. The fact that owing to the depositions of the Indians the grantees were driven from their property after the murder of Linsay, cannot of course prejudice their claim. The mesne conveyances are proved and appear to be regular, and there seems to be no reason for reversing the decree of the board. A decree of confirmation must therefore be entered.